**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARREN LAMONT SEAWRIGHT,          :
                                                        Civil Action No. 09-0753 (RBK)
        Petitioner,    :

        v.             :     **OPINION**

A.P. BARGE,                       :

        Respondents.   :

**APPEARANCES**:

Petitioner <u>pro se</u>
Darren Lamont Seawright
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327

**KUGLER**, District Judge

    Petitioner Darren Lamont Seawright, a prisoner currently confined at Bayside State Prison in Leesburg, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Acting Administrator A.P. Barge and the Attorney General of the State of New Jersey.

    Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition without prejudice. <u>See</u> 28 U.S.C. § 2243.

I.   BACKGROUND

Petitioner asserts that he was convicted of burglary in the Superior Court of New Jersey, Trial Division, Burlington County, on November 7, 2008.  Petitioner asserts that he was sentenced to a term of imprisonment of eight years, with a four-year parole disqualifier.

Petitioner asserts in the Petition that he asserted various unsuccessful motions in the trial court, including motions to exclude and to suppress certain evidence and a motion to dismiss the indictment.  Petitioner asserts that he appealed to the Superior Court Appellate Division the denial of a pre-trial motion to suppress.  He did not appeal the denial of that motion to the Supreme Court of New Jersey, nor has he appealed the conviction or filed any other collateral challenge to the conviction.  He does not allege that he has appealed any of the other claims raised here.

Here, Petitioner challenges (1) the admission of certain evidence, including a coin jar, fingerprint evidence, and allegedly fabricated evidence, (2) admission of certain alleged hearsay evidence, and (3) alleged Brady[1] violations.

---

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

III. ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-

18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  <u>Rose</u>, 455 U.S. at 519.

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  <u>See</u>, <u>e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  <u>Castille v. Peoples</u>, 489 U.S. 346, 350 (1989); <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  <u>Toulson v. Beyer</u>, 987 F.2d 984, 987 (3d

Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987. In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." Lundy, 455 U.S. at 522. At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[2] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360

---

[2] See 28 U.S.C. § 2244(d).

F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  ...  [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed

> petition and the court determines that stay and
> abeyance is inappropriate, the court should allow the
> petitioner to delete the unexhausted claims and to
> proceed with the exhausted claims if dismissal of the
> entire petition would unreasonably impair the
> petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, Petitioner filed this federal habeas Petition a scant three months after his state conviction.  He admits in the Petition that he has not appealed the conviction, nor has he pursued any collateral challenge in state court.  While he may have appealed to the Superior Court Appellate Division the denial of a pre-trial motion to suppress, he does not allege that he appealed that issue to the Supreme Court of New Jersey.

Petitioner does not allege that he has exhausted any of the other claims raised here.

Petitioner alleges no facts that would suggest that state procedures are not available. Petitioner has failed to exhaust his state remedies. Dismissal of the Petition at this time, without prejudice, would not impair the timeliness of any future federal habeas petition following proper exhaustion of state remedies. Accordingly, the Petition shall be dismissed without prejudice for failure to exhaust state remedies.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,

at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether this Court was correct in its procedural ruling that the Petition must be dismissed as unexhausted. No certificate of appealability will issue.

V.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: March 23, 2009